IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FERNANDO VEGA RODRIGUEZ                                          PETITIONER
ADC # 122104

V.                    CASE NO. 5:19-CV-00077-KGB-JTK

WENDY KELLEY, Director
Arkansas Department of Correction                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended that Petitioner's Petition for Writ of Habeas Corpus (DE # 2) be DISMISSED with prejudice.

## Background

Petitioner Fernando V. Rodriguez, an inmate in the Arkansas Department of Correction ("ADC"), bring this petition for writ of habeas corpus under 28 U.S.C. § 2254. In 2006, Petitioner was convicted of first-degree murder, and he is currently serving a sentence of life imprisonment. (DE # 9-2 pp. 20-27) Petitioner's habeas petition does not

2

challenge his conviction or sentence, but instead, challenges a disciplinary he received on September 24, 2018. (DE # 2) On September 24, 2018, Petitioner received a disciplinary charging him with possession/introduction/use of cell phone, refusing a direct verbal order, and failure to obey order of staff. (DE # 9-3 p. 1) Petitioner was notified of the charges against him on September 27, 2018. (DE # 9-3 p. 2) On October 1, 2018, Petitioner appeared at a disciplinary hearing, but he refused to make a statement. (DE # 2 p. 17) The hearing officer found Petitioner guilty of possession/introduction/use of a cell phone (Disciplinary Code 9-15), but not guilty of refusing a direct verbal order and failure to obey order of staff. (DE # 2 p. 19) The hearing officer sentenced Petitioner to twenty-four days' punitive isolation, a reduction in good-time class status to Class IV, sixty days' commissary and visitation restriction, 365 days' phone restriction, and a loss of 365 days of good-time credit. (DE # 9-3 pp. 2-3) Petitioner appealed the disciplinary hearing officer's decision to the Warden, the Disciplinary Hearing Administrator, and finally to the Respondent, but all three affirmed. (DE # 9-3 p. 3) The disciplinary was finalized on December 31, 2018. *Id.*

On February 25, 2019, Petitioner filed this pro se petition for writ of habeas corpus. In this petition, Mr. Rodriguez claims that his due process rights were violated because (1) he never received a written statement by the fact-finder detailing the evidence relied upon for the disciplinary action, and (2) he has a liberty interest in his good-time credits which were allegedly taken away without the required procedural safeguards. (DE # 2) Petitioner asks that this Court vacate the hearing officer's decision and restore his good-time credits. Respondent filed her response on April 17, 2019, arguing that Petitioner is not entitled to

habeas corpus relief because his claims are not cognizable in federal habeas, and alternatively, Petitioner's claims lack merit as he received due process under law. (DE # 9)  In his Reply, Petitioner argues that the Respondent misstated that he was only seeking the restoration of the 365 days of good-time credit "[w]hen in fact Petitioner sought/seek [sic] an exoneration – reversal of the verdicts." (DE # 10)  For the reasons set forth below, Petitioner's claims should be dismissed, and his habeas petition should be denied.

## Discussion

A federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges,* 423 U.S. 19, 21 (1975) (*per curiam* ).  If the Petitioner's claims do not allege he is in custody in violation of the Constitution or federal law, this Court cannot decide the claims, and they must be dismissed.  Petitioner argues that he was denied due process during the disciplinary proceedings that resulted in his loss of good-time credit.  Specifically, he claims that (1) he was not served with a written statement by the fact-finder detailing the evidence that was relied upon and the reasons for the disciplinary action, and (2) the Respondent substituted a letter for an appeal.  Petitioner seeks a reversal of the disciplinary action and restoration of his good-time credit.

In general, prisoners can have a liberty interest in the loss of good-time credit.  *Wolff v. McDonnell*, 418 U.S. 539 (1974).  However, it is state law, not the federal constitution, that determines whether there is such a liberty interest.  *Sandlin v. Conner*, 515 U.S. 472, 477-484 (1995) (holding that states may create liberty interest in good-time credit protected by the Due Process Clause).  In *McKinnon v. Norris*, the Arkansas Supreme Court held that

prisoners have no liberty interest in the accumulation or loss of good-time credits under Arkansas law. 366 Ark. 404 (2006). The court stated that good-time credit does not apply to reduce the length of a sentence, but instead, determines the location and conditions under which the sentence will be served. *Id.* at 408. This Court has also addressed how good-time credits are viewed in Arkansas by comparing Nebraska's and Arkansas's good-time statutes:

> The Arkansas Supreme Court is primarily responsible for interpreting Arkansas law. A state court's interpretation of the federal Constitution, and in this case the Due Process Clause, however, is not binding on federal courts.
>
> Both the Supreme Court of the United States and the Eighth Circuit Court of Appeals have found that inmates in Nebraska have a liberty interest in the loss of good-time credits under a statutory scheme similar to Arkansas's. But unlike Nebraska's good-time statute, Arkansas's good-time statute expressly provides that "good time will not be applied to reduce the length of a sentence." Instead of reducing the *term* of the prisoner's sentence, Arkansas's good-time statute reduces the time an inmate must serve *in prison* before becoming eligible for transfer, including parole. Accordingly, Mr. Day's due process claim related to his loss of good-time credits fails.

*Day v. Kelley,* 2015 WL 10744199. (Citations omitted) With regard to the issue of parole, this Court has also held "an inmate has no liberty interest in the possibility of parole." *Roberts v. Hobbs*, 2014 WL 1345341. In explanation, this Court states:

> There is clearly a difference between being in the free world under supervision (parole) and being confined in a prison 24-hours a day, seven days a week, even though in both circumstances the inmate is serving his or her sentence. This stark difference is recognized by an inmate's liberty interest in the revocation of parole. But the Supreme Court has long noted the distinction between parole *release* and parole *revocation*. The crucial difference is "between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires. Under Arkansas

> law, good-conduct time reduces the length of time until an inmate is eligible for parole, but it does not reduce the length of the sentence itself.
>
> In sum, Mr. Roberts has a liberty interest in release at the expiration of his sentence; but he does not have a liberty interest in the possibility of a conditional release prior to the expiration of his sentence.

(Citations omitted). For the reasons stated above, the Petitioner's claim related to his loss of good-time credit must fail. Petitioner has no liberty interest in the loss of his good-time credit, and therefore, the claim must fail because Petitioner has not alleged a violation of the Constitution or federal laws.

Even if Petitioner had a liberty interest triggering the due process clause, his claims would still lack merit because the Respondent satisfied due process requirements. The United States Supreme Court held in *Wolff* that the minimal requirements of procedural due process require: (1) advance written notice of the claimed violation; (2) opportunity to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinders as to the evidence relief on and the reasons for the disciplinary action. 418 U.S. at 563-567. Furthermore, the United States Supreme Court has held the requirements of due process are satisfied if "some evidence" supports the findings of the prison disciplinary board to revoke good-time credits. *Superintendent v. Hill*, 472 U.S. 445, 455-456 (1985). This standard is considered met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced." *Id.* at 455. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the

evidence." *Id.* The Due Process Clause "does not require courts to set aside decisions of prison administrators that have some basis in fact." *Id.* at 456.

Here, the Petitioner was provided all the procedural protections, and there was some evidence in the record supporting the disciplinary hearing officer's decision. The Petitioner was given advance written notice of the violation on September 27, 2018. (DE # 9-3 p. 2) Petitioner was given an opportunity to make a statement at his disciplinary hearing, however, he chose to make no statement. (DE # 2 p. 17) Lastly, he received a written statement by the finder of fact stating the evidence relied upon and the reasons for the disciplinary action. (DE # 9-3 pp. 1-3) Furthermore, there was some evidence in the record supporting the disciplinary hearing officer's decision. (DE # 9-3 p. 1) *See Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (holding that a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as "some evidence" to support a prison disciplinary violation). Petitioner's claim that he was denied due process because the Respondent adopted a letter in place of an appeal has no merit because the record is clear that he was granted the full administrative appeal process. (DE # 9-3 p. 3) Consequently, the Court recommends that Petitioner's claims be dismissed.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28

U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #2) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 20th day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE